UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 14, 2023

LETTER TO ALL COUNSEL OF RECORD

Re: *David P. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-2745-BAH

Dear Counsel:

On October 26, 2022, Plaintiff David P. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 6), Plaintiff's motion for summary judgment and alternative motion for remand (ECF 11), and Defendant's dispositive brief. (ECF 12).[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motions and AFFIRM the SSA's decision. This letter explains why.

I.  **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on July 23, 2020, alleging a disability onset of October 30, 2019. Tr. 185–86. Plaintiff's claim was denied initially and on reconsideration. Tr. 97–100, 102–06. On February 17, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 31–64. Following the hearing, on March 22, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 12–30. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.  **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties now file "briefs" instead of "motions for summary judgment." Here, Plaintiff moved for summary judgment and filed an alternative motion for remand, and Defendant filed a brief. *See* ECFs 11, 12.

[2] 42 U.S.C. §§ 301 et seq.

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of October 30, 2019, through his date last insured of March 31, 2020." Tr. 18. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "right hip bursitis and obesity." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of "diabetes mellitus, hypertension, migraine disorder, residual effects of right total knee replacement and shoulder surgery, obstructive sleep apnea (OSA), and depressive disorder." Tr. 19. At step three, the ALJ determined that, through the date he was last insured, Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) with the following exceptions: occasionally climbing ramps or stairs; occasionally climbing ladders, ropes, or scaffolds; and occasionally balancing, stooping, kneeling, crouching, or crawling.

Tr. 22–23. The ALJ determined that Plaintiff was able to perform past relevant work as a retail store manager (DOT[3] #185.167-046) and a skip tracer (DOT #241.367-026). Tr. 25. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 26.

### III.    LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*David P. v. Kijakazi*
Civil No. 22-2745-BAH
September 14, 2023
Page 3

findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

Plaintiff raises two arguments on appeal. First, Plaintiff argues that the ALJ erred at step two by determining that Plaintiff's migraines and depression were non-severe impairments. ECF 11-1, at 7–8. Second, Plaintiff argues that the ALJ erred by failing to limit Plaintiff to unskilled work and by failing to include RFC provisions for off-task behavior, absenteeism, and Plaintiff's need to "elevate his legs throughout the day." *Id.* at 8–9. Defendant counters that: (1) substantial evidence supports the ALJ's finding that Plaintiff's depression and migraines were non-severe; and (2) substantial evidence supports the RFC. ECF 12, at 5–14.

The Court first considers Plaintiff's argument that the ALJ erred by determining that his "migraines and depression were non-severe impairments." ECF 11-1, at 7. In evaluating the RFC, an ALJ must "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). The RFC "should be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (italics omitted) (recognizing that step two of the sequential evaluation process is "merely a threshold determination meant to screen out weak claims" and is "not meant to identify the impairments that should be taken into account when determining the RFC").

Despite Plaintiff's contention, the ALJ's step-two analysis of Plaintiff's migraine disorder and depressive disorder was supported by substantial evidence.[4] With regard to Plaintiff's migraine disorder, the ALJ noted that Plaintiff and his treating neurologist "have reported a decreased frequency of migraines and that [medication] is effective." Tr. 19. The ALJ further observed that Plaintiff "confirmed at the hearing that medication definitely helped to reduce [his] migraines." *Id.* Accordingly, the ALJ determined that "a review of the medical evidence" suggested that Plaintiff's "migraine headache disorder did not significantly limit [his] physical or mental ability to perform basic work activities and therefore was a non-severe impairment." Tr. 19–20. With regard to Plaintiff's depressive disorder, the ALJ observed that "mental status examinations slightly before the alleged onset date and through the date last insured were

---

[4] Plaintiff argues that *Albert v. Astrue*, No. CBD-10-2071, 2011 WL 3417109 (D. Md. July 29, 2011), supports Plaintiff's argument that the ALJ erred at step two. ECF 11-1, at 8. However, in *Albert*, the ALJ erred by providing "no analysis of the [step two] issue." *Albert*, 2011 WL 3417109, at *3. Because the ALJ here performed a step two analysis, *Albert* is inapposite.

unremarkable with normal findings for mood, affect, attention, concentration, memory, fund of knowledge, orientation, and alertness." Tr. 20. The ALJ also noted that Plaintiff "did not engage in specialized outpatient mental health care, which suggest[s] that [his] depression is not significantly troublesome or concerning." *Id.* Moreover, the ALJ relied upon Plaintiff's testimony that the "single psychotropic medication he uses . . . improved his mood and mental symptoms[.]" *Id.* Lastly, the ALJ cited a 2020 psychological consultative examination during which Plaintiff demonstrated "normal findings for mood, affect, and concentration." *Id.* Given this analysis, the Court determines that the ALJ adequately explained why Plaintiff's migraines and depression have no more than a minimal effect on his work-related functioning and are therefore non-severe. *See* SSR 85-28, 1985 WL 56856, at *3 (S.S.A. Jan. 1, 1985) ("[A]n impairment is not severe if it has no more than a minimal effect on an individual's physical or mental ability(ies) to do basic work activities[.]"). Thus, the ALJ did not err at step two.[5]

Plaintiff also argues that the ALJ's decision should have included RFC provisions related to time off-task and unscheduled absences because "[t]he medical records and [Plaintiff's] testimony support [the conclusion] that [Plaintiff's] depression and his migraine headaches would affect his ability to concentrate and focus and cause him to be off task at times." ECF 11-1, at 9. However, Plaintiff does not suggest that the ALJ failed to evaluate any relevant medical records or testimony relevant to this issue, or that the ALJ failed to resolve any evidentiary contradictions relevant to the issue. For these reasons, Plaintiff's argument amounts to a request to reweigh evidence. This Court cannot entertain such a request. *See Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) ("This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision.") (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). Accordingly, Plaintiff's argument must fail.

Plaintiff's remaining arguments are unavailing for the same reason. Specifically, Plaintiff avers that the ALJ erred by adopting an RFC which failed to include: (1) a limitation to "unskilled work" so as to "reflect[] [Plaintiff's] depression"; and (2) a limitation reflecting Plaintiff's need to

---

[5] Plaintiff argues that "the ALJ's RFC fails to cure the step two error in as much as it fails to include [Plaintiff's] mental health limitations, including his ability to focus and concentrate and attend work on a regular basis due to both depression and migraines." ECF 11-1, at 8. Because I find no error at step two, I need not address this argument. I note, however, that at step two, in evaluating the severity of Plaintiff's mental impairments, the ALJ applied the "paragraph B" criteria and determined Plaintiff had the following limitations in the four broad areas of mental functioning: (1) a mild limitation in understanding, remembering, or applying information; (2) no limitation in interacting with others; (3) no limitation in concentrating, persisting or maintaining pace; and (4) a mild limitation in adapting or managing oneself. Tr. 20–21. Even if the ALJ had committed error at step two by finding Plaintiff's mental impairments non-severe, this Court has repeatedly held that mild limitations in one of the four areas of mental functioning does not require additional discussion or an additional limitation in the RFC. *See Frances S. v. Comm'r, Soc. Sec. Admin.*, No. SAG-22-2515, 2023 WL 3394586, at *4 (D. Md. May 10, 2023) (collecting cases).

*David P. v. Kijakazi*
Civil No. 22-2745-BAH
September 14, 2023
Page 5

"elevate his legs throughout the day." ECF 11-1, at 9. But Plaintiff offers no evidence to support his contention that his depression (which, as discussed above, the ALJ determined to be non-severe) limits him to performing unskilled work. *See id.* Nor does Plaintiff explain how "[t]he medical records and [Plaintiff's] testimony . . . support [the conclusion] that his bursitis would require him to elevate his legs."[6] *Id.* Because Plaintiff does not suggest that these omitted RFC limitations resulted from the ALJ's failure to evaluate relevant evidence or to reconcile conflicting evidence, Plaintiff's remaining arguments amount to impermissible requests for this Court to reweigh the evidence on appeal so that it warrants a more restrictive RFC. *See Fiske*, 476 F. App'x at 527. As such, the Court must reject Plaintiff's remaining arguments.[7]

My review on appeal is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). I am not permitted to reweigh evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Governed by that standard, I find that Plaintiff's arguments in favor of remand are unpersuasive, and that remand is therefore unwarranted.

## V.     CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 11, is DENIED and Plaintiff's alternative motion for remand, ECF 11, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge

---

[6] Indeed, the ALJ noted that Plaintiff "maintained 5/5 motor strength at the right hip" despite his right hip bursitis. Tr. 23.

[7] Because the RFC was not deficient for the reasons explained above, Plaintiff's suggestion that the ALJ provided a hypothetical question to the vocational expert which "contain[ed] a legally insufficient RFC" is without merit. ECF 11-1, at 9.